31716. GILL *v.* SKINKER.

DECIDED DECEMBER 17, 1947.

*Andrew A. Smith, E. D. Rivers, Marvin O'Neal Jr., H. A. Etheridge, John Wesley Weekes, R. Wayne Amos, John C. Arnold,* for plaintiff in error.

*Grant, Wiggins, Grizzard & Smith,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The defendant having admitted a prima facie case in favor of the plaintiff, and having admitted as true all the allegations of the plaintiff's petition, the court did not err in overruling the general grounds of the motion for a new trial.

■ In special ground 4 of the motion, error was assigned on the action of the court in directing a verdict for the plaintiff and in refusing to allow the defendant to introduce evidence in support of the allegations of his plea of confession and purported avoidance. In this plea, the defendant admitted as true all the allegations of the petition, including the allegations of the alleged warranty and its breach, and that the cost of the repairs was reasonable and necessary to make the machine conform to the warranty. While the defendant contends that, under the terms of the warranty, the plaintiff should have returned the machine to him in Atlanta so as to allow him to make the repairs necessary to good performance, he does not show any injury by

this failure. The only allegation of injury to the defendant by reason of the alleged failure of the plaintiff to return the machinery to him was that, if the defendant had "been allowed to repair the machine in the shop of Hudson & Sons, from whom he purchased it, the outlay to make it operate for the 60 days of the warranty would probably have been much less than the amount said to have been spent in Baltimore." This was not an allegation that the machine could have been repaired in Atlanta at a cost to the defendant less than that incurred in Baltimore. The defendant does not allege as a fact that the machine could have been repaired here for less than it was repaired in Baltimore, but he admits in his plea that the repairs were necessary and that the amount charged was reasonable. The defendant in his plea confessed and admitted a prima facie case for the plaintiff, but failed to allege any good or valid defense in the way of an avoidance. Even if the defendant had been permitted to substantiate the allegations of his plea by evidence, such evidence would not have shown any injury or damage to him, as he did not allege any valid defense in the way of an avoidance. For this reason, any error on the part of the trial judge in refusing to allow the defendant to support the allegations of his plea of confession and purported avoidance by evidence and in directing a verdict against the defendant for the amount of the repairs was harmless to the defendant.

█ The defendant contends in special ground 5 that the judge erred in refusing to allow him to introduce evidence in support of the contentions set out in the amendment to his answer, that the selling price of the machine was to be 85 percent of its cost when new, and that the parties by mutual mistake computed the selling price at $11,500, which the plaintiff paid the defendant; that later the defendant was informed that he had overcharged the plaintiff in the sum of $787, and he sent the plaintiff his check for this amount, which the plaintiff cashed. In his petition, the plaintiff sets out that this check was received and he credited the check on the amount which he claimed as damages. In the amendment, the defendant alleged that it was ascertained and that all the parties conceded "that the selling price, new, was $13,239.00, 85% of which is $11,253.15," and that "in sending the check to Skinker for $787 there was an overpay-

ment of $540.15, for which amount judgment is prayed, together with interest at 7% since the date of said overpayment." Under the allegations of the answer, the defendant was entitled to recover $540.15, or to a credit for this amount on the plaintiff's claim against him. The court erred in refusing to allow the defendant to introduce evidence in support of this portion of his plea and answer and in directing a verdict against him on said item, and in overruling special ground 5 of the motion for a new trial.

For the reason assigned in division 3 of this opinion, the judge erred in overruling the motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, page 232, Code Ann. 24-3501), this case was considered and decided by the court as a whole.

*Judgment reversed. MacIntyre, P. J., Felton, Gardner, Parker, and Townsend, JJ., concur.*